## CHARLEAU, Inc., v. CONSOLIDATED SAFETY PIN CO.
### No. 5394.

Circuit Court of Appeals, Third Circuit. Oct. 2, 1934.

G. Willard Rich, of New York City, for appellant.

Wallace H. Martin, of New York City, for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This is a suit in equity for injunctive relief for the breach of an alleged contract and for money damages. The defendant answered and in addition filed a counterclaim. The learned District Court entered a decree dismissing the bill of complaint and allowing the counterclaim in part. The plaintiff appealed.

It appears that the predecessor of the appellant, the Payne Manufacturing Company, decided to manufacture and sell cosmetics and was looking for a suitable container. Its president, Mr. J. A. MacDonald, conferred with the appellee, which manufactured ornamental caps or closures for bottles, boxes, and jars, and was shown a type of jar cap that had a green, tinted, crystal, lacquer finish on a metal base. The finish gave the caps the effect of lace-work pattern. MacDonald ordered on October 20, 1930, from the appellee, a small number of caps of "special green crystal finish," but on what kind of base the order does not disclose.

In January, 1931, MacDonald and his aides conferred with the appellee on at least three occasions in regard to a cap *with a crystal lacquer finish on a metal base*. The caps discussed were made either of low brass with a "22 karat gold plate" or of polished low brass. MacDonald finally ordered the caps with a gold plate on which the crystal lacquer was imposed. This order was dated January 20, 1931.

Meanwhile, after considerable effort, the appellee in November and December, 1930, received large orders from two other established perfumers for the caps with crystal lacquer finish on a polished low brass base.

The appellant contends that the appellee agreed to give it the exclusive right to all of crystal lacquer finishes manufactured by it. This comprises the crystal lacquer finishes on a gold plate back and on low polished brass base. This is denied by the appellee, which says that it agreed to give MacDonald the exclusive use of crystal lacquer finish caps on a gold plate base, but not on a brass base.

The issue here is one of fact and its determination depends upon the weight to be given to the testimony of the witnesses. The learned District Judge who saw them while testifying said:[1]

"The plaintiff contends that through its agent it entered into an agreement with the defendant under the terms and conditions of which this defendant was to sell exclusively to the plaintiff this crystal lacquer finish, whether that finish be applied to a brass surface or applied to a gold plated surface; and right here we have the major issue in this cause. Three witnesses upon the part of the plaintiff have testified that they understood the agreement to be that the plaintiff was to have the exclusive right to purchase from defendant both the brass finish and the gold plated finish. The defendant's witnesses contradict this testimony; two of them contradict it directly.

"As I have looked upon the witnesses in the court room here, I am convinced that the witnesses on both sides are endeavoring to tell the truth as the best of their respective recollections will permit. There is inherent, however, in all human reasoning a tendency upon the part of an individual to lean toward that which is most favorable to the individual's viewpoint, and that does color one's recollection often as well as one's conclusions as to what may have been said or done in the past. When such a situation arises in the trial of a cause, the Court then must look strongly to the probabilities; and as I look upon the probabilities of the situation here, finding as

---

[1] Orally.

I have said a system of finish which was on the market prior to the first meeting of these parties, finding that this defendant was already engaged in manufacturing a brass lacquered finish which was circulating throughout the trade, the question then is, is it reasonable for this Court to assume that in the face of the business already established in the sale of this commodity they would go into an exclusive agreement with a newly formed concern, having limited capital and not yet well established through any advertising in the trade; is it reasonable then for this defendant to give an exclusive right to both brass and gold finish to such a new customer? Personally it does not seem so to me.

"Further, I can conceive that this plaintiff, with an exclusive right to a gold plated finish, having seen the product go through its processes in the mill, and the gold finish, before it dried, being of a somewhat different color than the brass, may well have concluded that with the gold finish upon it the thing would not tarnish or deteriorate, and that the more valuable of the two processes was that which was placed upon the gold plated base.

"So as I weigh it on the basis of probabilities, my conclusion is that the contract between the parties was that this plaintiff was to have the exclusive purchasing right on these closures and other articles in the United States, covering only, however, the finish which has been referred to as being placed upon the gold plated base."

We are in accord with the finding of the trial judge, and the decree is affirmed.